FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2013 JUL 11 PM 3:47

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

AMERICAN REGISTRY, LLC,
a Delaware limited liability company,

*Plaintiff*

v.

YONAH HANAW a/k/a JOHN HANAW,
MICHAEL LEVY, SHOWMARK
HOLDINGS, LLC, a Delaware limited
liability company, and SHOWMARK
MEDIA, LLC, a Delaware limited liability
company,

*Defendants*

Case No. 2:13-cv-00352-JES-SPC

### DEFENDANTS YONAH HANAW, SHOWMARK HOLDINGS, LLC, AND SHOWMARK MEDIA, LLC'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendants Yonah Hanaw ("Hanaw"), Showmark Holdings, LLC, and Showmark Media, LLC, ("Showmark") hereby move to dismiss Plaintiff's Second Amended Complaint ("Complaint") for failure to state a claim and failure to meet the applicable pleading standard.

### INTRODUCTION

American Registry makes award plaques. They sell these plaques by soliciting prospective customers who recently have been recognized for some type of achievement. Hanaw worked as a sales agent for American Registry until he was terminated on March 26, 2010. Following his termination from American Registry, Hanaw and Michael Levy launched a competing venture, Showmark Media, LLC. According to the Plaintiff, Hanaw, Levy and the Showmark entities have misappropriated American Registry's confidential and proprietary

1

information and are now unfairly using that confidential and proprietary information to compete for customers in the same market.[1]

Although twenty-three pages long, the Complaint offers few specific facts beyond those contained in the above summary. It is unclear what allegedly confidential information Defendants are using and what alleged trade secrets Defendants have misappropriated. The Complaint defines the confidential information and trade secrets as including customer information, sales and operations procedures, financial data, software, marketing strategies, statistics, product information and more. Complaint at ¶ 22. This is not a list of trade secrets. This is a list of different categories of information. The yet-to-be identified trade secrets ostensibly relate to these categories.

A simple example is illustrative: Plaintiff alleges that Defendants somehow misappropriated its trade secrets, which includes all of the Proprietary Information. The Proprietary Information is defined to include software. Therefore, according to the Complaint, Defendants allegedly have misappropriated some type of software. In its twenty-three pages, the Complaint says nothing about this software. Plaintiff does not identify the software by name or type. Likewise, Plaintiff makes no allegations about where, when or how the software allegedly was misappropriated. Plaintiff says nothing about the software at all. The same can be said for many of the other categories of information that Plaintiff has attempted to pass off as trade secrets. In short, there are no allegations about actual, specific, discrete formulas, practices, designs, instruments, patterns, processes or compilations of information. There are no allegations about specific trade secrets whatsoever. And there are no allegations about the actual misappropriation beyond those that are pled in the most conclusory terms.

---

[1] These facts are taken from the Complaint.

2

The Complaint fails to state a claim for misappropriation and breach of contract. The remaining causes of action are entirely derivative of the misappropriation claim, and are therefore preempted. As a result, the Court should dismiss the Complaint in its entirety.

## STANDARD

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claims" that will "give the defendant fair notice of what the . . . claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a); *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). The allegations contained in the Complaint, particularly those regarding the alleged misappropriation of certain unspecified trade secrets, are so vague that Defendants have not been given fair notice as to the nature of Plaintiff's claims. *See Twombly* at 558 (suggesting a complaint does not satisfy Rule 8 where conclusory allegations leave a defendant with "little idea where to begin" in mounting a defense).

Unless Plaintiff's claims are dismissed, or the Court orders Plaintiff to allege the specific trade secrets at issue, Defendants will become the subject of a costly, and possibly crippling discovery phase. As it stands, based on the allegations in the Complaint, Plaintiff would be able to embark on a fishing expedition for anything related to software, statistics, product information, marketing strategies and the like, without ever specifying the actual trade secrets that allegedly have been misappropriated. The Supreme Court addressed very similar concerns in *Twombly*. *Id.*

Although Plaintiff makes a few conclusory statements about Defendants misappropriating its trade secrets and causing it damages, these statements are no more specific than the "few stray statements" that the *Twombly* Court found to be "mere legal conclusions." *Twombly, Id.* at 564. Nowhere does Plaintiff allege any specific use of any specific information,

3

or any specific consequence arising from such use. Under the applicable pleading standard, the Complaint should be dismissed.

## ARGUMENT

The Complaint fails to state a claim. Plaintiff essentially alleges that Defendants have misappropriated its confidential information and trade secrets. Through twenty-three pages of allegations, Plaintiff fails to state (1) what specific, discrete things, information or trade secrets were taken (2) the actual circumstances of the misappropriation (3) what Defendants allegedly are doing with those alleged trade secrets and (4) how Plaintiff has been damaged.

Plaintiff's entire Complaint should be dismissed. Each claim in the Complaint is built on the alleged misappropriation of unspecified trade secrets. Each claim should be dismissed for failure to state a claim. Additionally, the Florida Deceptive & Unfair Trade Practices Act claim and the tortious interference claims are entirely derivative of the misappropriation claim and should be dismissed as preempted by the Florida Uniform Trade Secrets Act.

### I. Plaintiff's Misappropriation of Trade Secrets Claim is Factually Deficient.

The Complaint does not allege sufficient facts to state a claim for misappropriation of trade secrets. Under the Florida Uniform Trade Secrets Act ("FUTSA"), Fla. Stat. § 688.001 et seq., a plaintiff must first allege the existence of a trade secret. A trade secret is defined as information that: (1) derives economic value from not being readily ascertainable by others, and (2) is the subject of reasonable efforts to maintain its secrecy. *Id.* "A plaintiff has the burden to describe the alleged trade secret with reasonable particularity." *Treco Intern. S.A. v. Kromka*, 706 F.Supp.2d 1283, 1286 (S.D.Fla. 2010). The plaintiff must then allege that the defendant has

improperly acquired or disclosed that trade secret. Fla. Stat. § 688.002. Here, the Complaint fails to satisfy both the trade secret and misappropriation prongs of this test.

### A. Plaintiff Has Not Identified the Trade Secrets at Issue

The plaintiff in a misappropriation case bears the burden of plausibly alleging that the specific information – or thing - at issue constitutes a trade secret. *See, e.g., American Red Cross v. Palm Beach Blood Bank, Inc.*, 143 F.3d 1407, 1410 (11th Cir.1998) ("In a trade secret action, the plaintiff bears the burden of demonstrating both that the specific information it seeks to protect is secret and that it has taken reasonable steps to protect this secrecy."). Here, Plaintiff has failed to satisfy that burden.

In sweeping fashion, the Complaint alleges, "AMERICAN REGISTRY'S Proprietary Information constitutes trade secrets . . ." Complaint at ¶ 56. At various places throughout the Complaint, Plaintiff defines the Proprietary Information as including, but not limited to:

> [C]ustomer lists, customer identity, purchase and credit information, sales and operation procedures of AMERICAN REGISTRY, software of AMERICAN REGISTRY, system architecture of AMERICAN REGISTRY, financial data of AMERICAN REGISTRY, sales and marketing strategies and data of AMERICAN REGISTRY, lists compiled by AMERICAN REGISTRY, statistics, programs, research, development, employee, personnel and contractor data, information and records and information relating to products offered by AMERICAN REGISTRY.

Complaint at ¶ 51. This Proprietary Information – all of it – allegedly constitutes the trade secrets. But this is not a list of actual trade secrets. This is a list of different categories of information. Allegations regarding different categories of supposedly proprietary information are insufficient because they do not identify any *specific* trade secrets at issue. Vague allegations of the type contained in the Complaint do not state a claim for misappropriation of trade secrets. *See Clearline Technologies Ltd. v. Cooper B-Line, Inc.*, 2012 WL 43366, at * 11 (S.D. Tex. Jan.

9, 2012) (dismissing misappropriation claim where the alleged trade secrets consisted of "technical and financial information"); *E. W., LLC v. Rahman*, 873 F. Supp. 2d 721, 735-36 (E.D. Va. 2012) (dismissing misappropriation claim where alleged trade secrets consisted of "business methods, and other company sensitive information"); *All Bus. Solutions, Inc. v. NationsLine, Inc.*, 629 F.Supp.2d 553, 558–59 (W.D.Va.2009) (dismissing misappropriation claim consisting of conclusory allegations that the defendant misappropriated customer names and confidential information); *Swiss Watch Int'l, Inc. v. Movado Grp., Inc.*, 2001 WL 36270980, at * 3 (S.D. Fla. June 21, 2001) (dismissing misappropriation claim where the alleged trade secrets consisted of "customer lists" and "operational techniques and processes" and holding that these allegations were "too vague to support a claim for misappropriation" and failed to "place [Defendant] on notice of the claims" against it).

B. <u>Plaintiff Has Not Alleged Any Facts Regarding the Actual Misappropriation</u>

The Complaint also fails to allege the actual misappropriation in anything but the most conclusory terms. The gravamen of the misappropriation claim is that Hanaw acquired proprietary information during his time at American Registry and is now using that information in connection with his new venture, Showmark. Complaint at ¶¶ 25-28. The Complaint contains no specific allegations regarding any acts of affirmative misappropriation, use or disclosure by the Defendants. Rather, the Complaint merely parrots the language of the FUTSA, repeatedly alleging, in the most general terms, that Defendants "misappropriated", "acquired", "used" or "disclosed" the alleged trade secrets. The Complaint is built on "labels and conclusions", formulaic recitations of the elements of various causes of action and "naked assertions" of the type that the Supreme Court has repeatedly deemed insufficient. *See*

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing *Twombly*).[2]

## II. Plaintiff's Remaining Claims are Preempted by the FUTSA

Plaintiff's Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") claim and tortious interference claims should be dismissed as preempted by the FUTSA. The FUTSA displaces other tort and statutory claims to the extent those claims are based on misappropriation of trade secrets. Fla. Stat. §688.008 (2012). Both the FDUTPA claim and tortious interference claims are entirely derivative of the misappropriation claim and must be dismissed.

### A. The FDUTPA Claim is Preempted by the FUTSA

Plaintiff's claim under Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") is based entirely on the alleged misappropriation of trade secrets and is preempted by the FUTSA. According to the Complaint:

> Defendants' deceptive and unfair trade practice was their collective utilization of trade secrets and Proprietary Information that HANAW wrongfully misappropriated from AMERICAN REGISTRY for SHOWMARK MEDIA and its benefit and to the detriment of AMERICAN REGISTRY.

Complaint at ¶ 69. The Complaint speaks for itself. Plaintiff has alleged a single deceptive and unfair trade practice: misappropriation. The claim does not allege any other potentially actionable conduct by Defendants. As a result, the claim is built solely on the alleged misappropriation and is preempted by the FUTSA. *See Allegiance Healthcare Corp. v.*

---

[2] Defendants cede that the standard for alleging a breach of contract claim is more lenient than the standard for alleging a violation of the FUTSA. Defendants move to dismiss the breach of contract claim for the same reasons articulated above: The claim is plead in vague, conclusory terms and does not satisfy Rule 8. That said, Defendants can offer little more in terms of an argument for dismissal at this stage in the case. It bears noting, however, that the agreements filed with the Complaint as exhibits A and B clearly do not bear the signature of Defendant Yonah Hanaw.

7

*Coleman*, 232 F. Supp. 2d 1329, 1336 (S.D. Fla. 2002) ("Plaintiff has not identified any material distinction between the wrongdoing alleged in the trade secret claim and that alleged in the unfair competition claim. Accordingly, the unfair competition claim must be dismissed."). *Accord Chatterbox, LLC v. Pulsar Ecoproducts, LLC*, 2007 WL 1388183, *5 (D. Idaho May 9, 2007) (dismissing unfair competition claim as preempted under state version of UTSA); *AirDefense, Inc. v. AirTight Networks, Inc.*, 2006 WL 2092053, at *5 (N.D. Cal. July 26, 2006) (same); *Glasstech, Inc. v. TGL Tempering Sys., Inc.*, 50 F. Supp. 2d 722, 732 (N.D. Ohio 1999) (same*). Cf. Allegiance Healthcare Corp. v. Coleman*, 232 F. Supp. 2d 1329, 1336 (S.D. Fla. 2002) (holding FDUTPA claim not preempted but noting, "[I]f the allegations of trade secret misappropriation alone comprise the underlying wrong, only the FUTSA claim will survive the motion to dismiss.").

B. Plaintiff's Tortious Interference Claims are Preempted by the FUTSA

As with Plaintiff's FDUTPA claim, both of Plaintiff's tortious interference claims are wholly derivative of the misappropriation claim and are preempted by the FUTSA. Under Florida law, a plaintiff alleging a claim for tortious interference must allege (1) the existence of a business relationship; (2) the defendant's knowledge of that relationship; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) that the aggrieved party was damaged as a result of the defendant's interference. *Boldstar Technical, LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1288 (S.D. Fla. 2007). The third element, "unjustified interference", is the tortious conduct. Florida courts have defined this "unjustified interference" or "improper conduct" as including "physical violence, misrepresentations, illegal conduct, threats of illegal

conduct, or other improper conduct." *Id.* Where a plaintiff does not allege the use of such improper conduct, the complaint should be dismissed. *Id.*

The Complaint advances two theories of tortious interference: The first theory suggests that all of the Defendants are tortuously interfering with American Registry's relationships with its customers by stealing American Registry's trade secrets and competing for those customers. Complaint at ¶¶ 73-79. The second theory suggests that the Showmark entities and Levy have interfered with American Registry's relationship with Hanaw by inducing Hanaw to disclose or assisting Hanaw in disclosing (e.g. misappropriating) the trade secrets. *Id.* at ¶¶ 82-84. Each theory is based on the alleged misappropriation of trade secrets.

A tortious interference claim can only survive UTSA preemption "to the extent that it alleges wrongful conduct independent of any alleged unauthorized use of information, provided that the independent allegations are sufficient to plead all elements of the claim." *Wilcox Indus. Corp. v. Hansen*, 870 F. Supp. 2d 296, 304 (D.N.H. 2012) (discussing preemption of tort claims under state UTSA). In this case, without the allegations of misappropriation, Plaintiff has no claim. Absent the alleged misappropriation, Plaintiff's grievance, essentially, is that Defendants are competing for the same customers. This is not actionable.

As here, where a plaintiff's tortious interference claims are based solely on allegations of misappropriation, courts routinely dismiss the claims as preempted by their state's version of the UTSA. *See, e.g., Int'l Paper Co. v. Stuit*, 2012 WL 1857143, *8 (W.D. Wash. May 21, 2012) (dismissing tortious interference claims as preempted by state UTSA where claims were based upon alleged misappropriation); *T.D.I. Int'l, Inc. v. Golf Preservations, Inc.*, 2008 WL 294531, at *6 (E.D. Ky. Jan. 31, 2008) (same); *Leatt Corp. v. Innovative Safety Tech.*, LLC, 2010 WL

2803947, at *7 (S.D. Cal. July 15, 2010) (dismissing tortious interference claims as preempted by state UTSA to the extent claims were based upon alleged misappropriation).

To the extent the Court finds Plaintiff's tortious interference claims are not preempted by the FUTSA, Count IV still fails because the claim fails to adequately allege the existence of a business relationship. As pled, the Complaint merely alleges that Plaintiff had business relationships with customers, generally. Allegations about business relationships with the public at large, instead of with "identifiable customers" are insufficient for tortious interference. *See Coach Servs., Inc. v. 777 Lucky Accessories, Inc.*, 752 F. Supp. 2d 1271, 1273 (S.D. Fla. 2010) (citing *Iqbal* and dismissing tortious interference claim where plaintiff alleged business relationship with "various customers").

Further, the Complaint has failed to allege any business dealings or agreements that "would have been completed if the defendant had not interfered." *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 815 (Fla. 1994). In short, Plaintiff has alleged, in the most general terms, that Plaintiff would have gained some economic advantage if Defendants had not interfered in its general business and customer relationships. These allegations do not state a claim for tortious interference. *See In re Photochromic Lens Antitrust Litig.*, 2011 WL 4914997, at *4 (M.D. Fla. Oct. 14, 2011) (dismissing tortious interference claim based on allegation that plaintiff "would have realized its economic advantage and benefit by entering into agreements with specialty retailers, mass merchants, and retail and wholesale ophthalmic lens laboratories"). As a result, Count IV is facially insufficient and should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants Hanaw, Showmark Holdings, LLC, and Showmark Media, LLC respectfully request that this Court dismiss Plaintiff's Second Amended Complaint.

Dated: July 11, 2013

Respectfully submitted,

By: *s/ Jonathan Pollard*
Jonathan E. Pollard
Florida Bar No. 83613
Jonathan Pollard, LLC
401 E. Las Olas Blvd #1400
Fort Lauderdale, FL 33301
Telephone: (954) 332-2380
Facsimile: (866) 594-5731
jpollard@pollardllc.com

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2013 a true and correct copy of the foregoing was served on American Registry, LLC via email to:

Berk Edwards - Berk@swfltrial.com

_s/ Jonathan E. Pollard_
Jonathan E. Pollard

11