```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

AMERICAN REGISTRY, LLC, a Delaware
limited liability company,

                Plaintiff,

vs.                                             Case No. 2:13-cv-352-FtM-29UAM

YONAH HANAW a/k/a John Hanaw;
MICHAEL LEVY; SHOWMARK HOLDINGS,
LLC, a Delaware limited liability
company; and SHOWMARK MEDIA, LLC, a
Delaware limited liability company,

                Defendants.

_____

**<u>OPINION AND ORDER</u>**

This matter comes before the Court on Defendant Michael Levy's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #22) and Defendants Yonah Hanaw, Showmark Holdings, LLC, and Showmark Media, LLC's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #23) filed on July 11, 2013. Plaintiff filed Responses to the motions (Docs. ## 24, 25) on July 23, 2013. Defendants filed Replies (Docs. ## 31, 32) on August 10, 2013.

**I.**

American Registry, LLC (American Registry or plaintiff) sells customized achievement recognition items, such as plaques, marquees, crystals, counter displays, and banners. Plaintiff utilizes sales agents who are independent contractors to pursue and hopefully convert qualified leads into sales.

Defendant Yonah Hanaw, a citizen and resident of Israel, worked as a sales agent from November 2003 until his termination on March 26, 2010. As a sales agent, Hanaw was required to sign a Sales Agent Program Agreement on November 1, 2009.[1] The Sales Agent Program Agreement provides, in relevant part, that the sales agent agrees to treat all confidential business information and trade secrets as confidential and proprietary to plaintiff and is prohibited from using such information for his own benefit or for the benefit of another. (Doc. #7, Exh. #2.)

Following his termination from American Registry, Hanaw met with Michael Levy, also a citizen and resident of Israel, to discuss the formation and organization of a company that would sell customized achievement recognition items through an e-commerce website. On May 12, 2010, Hanaw and Levy formed Showmark Media, LLC, a Florida limited liability company, but dissolved it on July 19, 2010. After the dissolution of the Florida limited liability company, Hanaw and Levy formed Showmark Media, LLC, a Delaware limited liability company.

Plaintiff now believes that Hanaw is utilizing and disclosing American Registry's confidential business information and trade secrets in the operation of Showmark Media. Following the disclosure of trade secrets, defendants Levy, Showmark Media, and

---

[1] Prior to signing this agreement, Hanaw was bound by a Sales Agent Program Agreement signed on January 13, 2008.

Showmark Holdings[2] used the confidential information and trade secrets for their own purposes in the formation and operation of Showmark Media.

The Second Amended Complaint sets forth the following claims: breach of contract (Count I); violation of the Florida Uniform Trade Secrets Act (FUTSA) (Count II); violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) (Count III); and tortious interference with business relationships (Counts IV and V). Defendant Michael Levy seeks dismissal from this lawsuit under Fed. R. Civ. P. 12(b)(2) on the grounds that plaintiff has failed to allege facts that establish personal jurisdiction. The remaining defendants contend that the plaintiff has failed to state a claim for misappropriation and breach of contract, and that the remaining counts are preempted by the FUTSA.

## II.

The Court will first address defendants Hanaw, Showmark Media, and Showmark Holding's motion to dismiss.

**A. Motion to Dismiss Standard**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a

---

[2]Plaintiff believes that Hanaw owns a 75 percent interest in Showmark Media by and through Showmark Holdings, LLC, a Delaware limited liability company.

formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity

and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**B. Breach of Contract**

Count I of the Second Amended Complaint alleges that Hanaw breached the Sales Agent Program Agreement by using or disclosing trade secrets and confidential business information. A claim for breach of contract under Florida law requires proof of three elements: (1) the existence of a valid contract; (2) a material breach; and (3) damages. Havens v. Coast Fla., P.A., 117 So. 3d 1179, 1181 (Fla. 2d DCA 2013). Hanaw asserts that the allegations regarding the breach are inadequate. The Court agrees.

According to the complaint, Hanaw was privy to confidential information during his relationship with American Registry, agreed not to use or disclose the confidential information, and is currently acting as a competitor in the same market. Plaintiff then alleges, upon information and belief, that Hanaw is using the confidential information in the operation of Showmark Media. Plaintiff, however, has failed to provide any factual content that allows the Court to reasonably infer that Hanaw is using confidential information to act as a competitor. Although Hanaw's use of confidential information is certainly conceivable, the plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. Because the allegations are conclusory and merely consistent with

Hanaw's liability and lack an adequate factual basis, Count I of the Second Amended Complaint will be dismissed without prejudice.

**C. Violation of the FUTSA**

Count II of the Second Amended Complaint alleges that defendants misappropriated American Registry's trade secrets in violation of the FUTSA. Defendants Hanaw, Showmark Media, and Showmark Holdings contend that plaintiff has failed to identify the trade secrets with any particularity and the allegations regarding the alleged misappropriation are merely conclusory. Defendants further assert that the complaint, as it stands, would allow plaintiff to embark on a fishing expedition for anything relevant to the broad categories of information identified in the complaint without specifying the trade secrets that have allegedly been misappropriated.

In order to state a claim for misappropriation of trade secrets under the FUTSA, Fla. Stat. § 688.001 *et seq.*, a plaintiff must allege that (1) it possessed secret information and took reasonable steps to protect its secrecy and (2) the secret it possessed was misappropriated, either by one who knew or had reason to know that the secret was improperly obtained or by one who used improper means to obtain it. <u>VAS Aero Servs., LLC v. Arroyo</u>, 860 F. Supp. 2d 1349, 1358 (S.D. Fla. 2012) (citing <u>Del Monte Fresh Produce Co. v. Dole Food Co.</u>, 136 F. Supp. 2d 1271, 1291 (S.D. Fla. 2001)). "To qualify as a trade secret, the information that the

plaintiff seeks to protect must derive economic value from not being readily ascertainable by others and must be the subject of reasonable efforts to protect its secrecy." Del Monte, 136 F. Supp. 2d at 1291. "A plaintiff has the burden to describe the alleged trade secret with reasonable particularity." Treco Int'l S.A. v. Kromka, 706 F. Supp. 2d 1283, 1286 (S.D. Fla. 2010) (citing Levenger Co. v. Feldman, 516 F. Supp. 2d 1272, 1287 (S.D. Fla. 2007)). Moreover, whether a particular type of information constitutes a trade secret is a question of fact. See Furmanite America, Inc. v. T.D. Williamson, Inc., 506 F. Supp. 2d 1134, 1141 (M.D. Fla. 2007).

It is not common for a trade secret misappropriation plaintiff to know, prior to discovery, the details surrounding the purported misappropriation. The plaintiff, however, is still required to provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citations omitted). Here, plaintiff's list of trade secrets does not adequately inform defendants what they supposedly misappropriated, and the allegations regarding the misappropriation are without adequate factual support. Plaintiff alleges that its trade secrets include, but are not limited to:

> [C]ustomer lists, customer identity, customer contact information and confidential information about each customer's business, purchase and credit information, sales and operation procedures, software, system architecture, financial data, sales and marketing strategies and data, lists, statistics, programs,

>  research, development, employee, personnel and contractor
>  data, information and records, and information relating
>  to products offered by AMERICAN REGISTRY.

(Doc. #7, ¶ 22.) This list is nearly identical to the list of confidential and proprietary information contained in the Sales Agent Program Agreement and is so broad as to be meaningless. Plaintiff need not disclose secret information in its pleadings, but must identify it with enough specificity as to give defendants notice of what was misappropriated. For example, "software," "financial data," "lists," and "information and records" are broad and generic categories of information and provide insufficient notice as to the actual trade secrets misappropriated.

As to the alleged misappropriation, the allegations suffer from the same deficiencies as the previous count. Plaintiff relies on the same allegations regarding Hanaw's conduct and alleges that the remaining defendants misappropriated the trade secrets by using them in the formation and operation of Showmark Media. The complaint is devoid of any factual allegations supporting this assertion. As such, the Court concludes that plaintiff has failed to state a claim under the FUTSA. See Knights Armament Co. v. Optical Sys. Tech., 568 F. Supp. 2d 1369, 1377 (M.D. Fla. 2008) (dismissing misappropriation of trade secrets counter-claim when the counter-claim plaintiff gave no details on how the trade secrets were misappropriated); All Bus. Solutions, Inc. v. NationsLine, Inc., 629 F. Supp. 2d 553, 558-59 (W.D. Va. 2009)

(dismissing Virginia Uniform Trade Secrets Act claim consisting of conclusory allegations that the defendant misappropriated trade secrets because it lacked supporting factual allegations). Count II will be dismissed without prejudice.

**D. Violation of the FDUTPA and Tortious Interference with Business Relations**

Defendants Hanaw, Showmark Media, and Showmark Holding contend that the remaining claims in the Second Amended Complaint are preempted by the FUTSA because they are based solely on the misappropriation of trade secrets. The Court, however, will not address preemption at this time because the remaining counts are inadequately pled.

Although Counts III - V assert separate causes of action, the underlying misconduct is the use or misappropriation of plaintiff's trade secrets or proprietary information. As previously discussed, the allegations regarding this conduct are inadequate and no additional allegations are provided; therefore, Counts III - V will be dismissed without prejudice.

**III.**

A court is obligated to dismiss an action against a defendant over which it has no personal jurisdiction. Posner v. Essex Ins. Co., 178 F.3d 1209, 1214 n.6 (11th Cir. 1999). Whether a court has personal jurisdiction over a defendant is governed by a two-part analysis. Mutual Serv. Ins. Co. v. Frit Indus., 358 F.3d 1312, 1319 (11th Cir. 2004). The Court must first determine whether the

exercise of jurisdiction is appropriate under the forum state's long-arm statute. Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000) (citing Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 626 (11th Cir. 1996). If the Court determines that the long-arm statute is satisfied, it must then determine "whether the extension [of] jurisdiction comports with the due process requirements of the Fourteenth Amendment." Meier *ex rel.* Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002) (citing Posner, 178 F.3d at 1214).

The reach of Florida's long-arm statute is a question of Florida law and federal courts must construe it as would the Florida Supreme Court. United Techs. Corp. v. Mazer, 556. F.3d 1260, 1274 (11th Cir. 2009) (citations omitted). Absent some indication that the Florida Supreme Court would hold otherwise, this Court is bound to the decisions of Florida's intermediate courts. Id.

Under Florida law, "[a] plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009) (citing Posner, 178 F.3d at 1214). If the plaintiff's factual allegations are sufficient to support the exercise of personal jurisdiction, the burden then shifts to the defendant to challenge the allegations

with affidavits or other evidence to the contrary. Meier, 288 F.3d at 1269 (citations omitted). The burden then shifts back to the plaintiff to produce evidence supporting jurisdiction.

Here, the burden shifting framework does not apply because Levy has not submitted any evidence challenging the allegations in the complaint. Rather, Levy contends that the allegations in the complaint, even if taken as true, do not establish personal jurisdiction. Therefore, the Court must determine whether plaintiff's allegations are sufficient to invoke the Florida long-arm statute.

Florida's long-arm statute provides for specific and general jurisdiction. In this case, plaintiff relies solely on the theory of specific jurisdiction. "Specific jurisdiction refers to 'jurisdiction over causes of action arising from or related to a defendant's actions within the forum.'" PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 808 (11th Cir. 2010) (quoting Oldfield v. Pueblo De Bahia Lora, S.A., 558 F.3d 1210, 1220 n.27 (11th Cir. 2009)). Florida law provides that a court must determine whether the allegations in the complaint state a cause of action before analyzing specific jurisdiction under the long-arm statute. Id.

As detailed in Section II above, plaintiff has failed to state a claim for relief against any of the defendants. In the absence

of tortious conduct, specific jurisdiction cannot be invoked. Therefore, Levy will be dismissed from this case without prejudice.

Accordingly, it is now

**ORDERED**:

1. Defendant Michael Levy's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #22) is **GRANTED**.  Defendant Michael Levy is **DISMISSED WITHOUT PREJUDICE.**

2. Defendants Yonah Hanaw, Showmark Holdings, LLC, and Showmark Media, LLC's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #23) is **GRANTED**.  The Second Amended Complaint is **DISMISSED WITHOUT PREJUDICE.**

3. Plaintiff may file a third amended complaint **WITHIN FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this ___5th___ day of December, 2013.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of record