UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMERICAN REGISTRY, LLC, a
Delaware limited liability company

    Plaintiff,

v.                                    Case No:   2:13-cv-352-FtM-29CM

YONAH HANAW, MICHAEL
LEVY, SHOWMARK HOLDINGS,
LLC and SHOWMARK MEDIA,
LLC,

    Defendants.

## ORDER

Before the Court is the parties' Agreed Motion for Enlargement of Case Management Deadlines and Supporting Memorandum ("Motion") (Doc. 50), filed on April 3, 2014.  The parties request that the Court extend all deadlines, including the trial date, established in the Case Management and Scheduling Order (Doc. 33) for a period of 180 days, and in support state that "discovery has not yet progressed to the point where documents can be exchanged, depositions coordinated, experts retained, and expert reports disclosed" because the case is "not yet at issue" due to two pending motions to dismiss Plaintiff's Third Amended Complaint filed by Defendants.  Doc. 50 at 2.

Rule 16(b)(4), Federal Rules of Civil Procedure, provides that a court may modify a scheduling order upon a showing of good cause, which "precludes modification unless the schedule cannot be met despite the diligence" of the parties.

*Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quotation marks omitted). Motions to extend deadlines, particularly the dates of pretrial conferences and trials, however, are "distinctly disfavored after entry of the Case Management and Scheduling Order." M.D.Fla. R. 3.05(c)(2)(E).

In this case, although the parties indicate that they have served their initial Rule 26 disclosures and that Plaintiff served Requests for Production and Defendants responded, these actions were completed prior to the dismissal of the previous complaint and Plaintiff's filing the Third Amended Complaint. Doc. 50 at 1-2. The parties now represent that "discovery has not yet progressed to the point where documents can be exchanged, depositions coordinated, experts retained and expert reports disclosed." Doc. 50 at 2. Thus, it appears that the deadlines set forth in the Case Management and Scheduling Order "cannot be met," *Sosa*, 133 F.3d at 1418, though the Court questions whether the parties have shown the requisite diligence by failing to complete any additional discovery to date.

Nevertheless, upon balancing the parties' interest in potentially avoiding any undue burden and expense of discovery with the goals of expedient and just resolution of cases expressed by the Federal Rules of Civil Procedure and the Middle District of Florida Local Rules, the Court will grant an extension of all deadlines in this case. Fed.R.Civ.P. 1; M.D.Fla. R. 1.01(b); M.D.Fla. R. 3.05(c)(2)(E). A six-month extension of the deadlines, however, would be inconsistent with the "goal of the court that a trial will be conducted in all Track Two cases within two years after the filing of the complaint, and that most such cases will be tried within one year after the filing of

the complaint."[1]   M.D.Fla. R. 3.05(c)(2)(E).   Instead, the Court will grant an extension of the deadlines in this case for a period of ninety (90) days.

The Court cautions the parties that "[f]ailure to complete discovery procedures within the time established pursuant to Rule 3.05 of [the Local Rules] shall not constitute cause for continuance unless such failure or inability . . . is not the result of lack of diligence in pursuing such discovery."   M.D.Fla. R. 3.09(b); *see also Lee v. Etowah County Bd. of Ed.*, 963 F.2d 1416, 1421 (11th Cir. 1992) (noting the district court did not abuse its discretion by denying plaintiffs' request for additional discovery, after the parties had previously been granted an additional four months during which to complete discovery, because they "failed to conduct discovery diligently during the four months when they were free to do so").

The parties should therefore diligently pursue discovery during the extension period, as doing so would not impose any burdens outside those normally associated with litigation.  *See Pioneer Centres Holding Co. Employee Stock Ownership Plan and Trust v. Alerus Financial, NA*, 2013 WL 589187, *3 (D.Colo. Feb. 14, 2013) (denying a motion to stay discovery awaiting the court's resolution of dispositive motions, noting that permitting discovery to proceed while motions to dismiss remain pending creates no special burden on the parties or the court and advances the public interest).

---

[1] Plaintiff's initial Complaint (Doc. 1) was filed on May 7, 2013.  *See also* Related Case Order and Track Two Notice (Doc. 16).

ACCORDINGLY, it is hereby

**ORDERED:**

1. The parties' Agreed Motion for Enlargement of Case Management Deadlines and Supporting Memorandum (Doc. 50) is **GRANTED IN PART**. All deadlines set forth in the Case Management and Scheduling Order (Doc. 33) shall be extended for a period of **ninety (90) days**.

2. The Court will issue a separate Amended Case Management and Scheduling Order establishing the new deadlines.

**DONE** and **ORDERED** in Fort Myers, Florida on this 15th day of April, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:

Counsel of record