UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMERICAN REGISTRY, LLC, a
Delaware limited liability company,

       Plaintiff,

v.                           Case No:  2:13-cv-352-FtM-29CM

YONAH HANAW, MICHAEL
LEVY, SHOWMARK HOLDINGS,
LLC and SHOWMARK MEDIA,
LLC,

       Defendants.

_____

## ORDER

Before the Court are Plaintiff's Renewed Motion to Compel Responses to Requests for Production and Supporting Memorandum of Law ("Motion to Compel") (Doc. 53), filed on April 21, 2014, Defendants' Response to Plaintiff's Renewed Motion to Compel and Motion for Stay of Discovery ("Response") (Doc. 56), filed on May 12, 2014, and Plaintiff's Agreed Motion for Leave to File Reply and Supporting Memorandum of Law ("Agreed Motion") (Doc. 57), filed on May 14, 2014.   The Motions are thus ripe for review.   For the foregoing reasons, the motions are due to be denied.

Plaintiff filed its Renewed Motion to Compel asking the Court to require Defendants to provide "full and complete responses" to various Requests for Production to which Defendants objected.   Doc. 53.   As part of its Motion to Compel, Plaintiff included a certification of compliance with Middle District of Florida Local

Rule 3.01(g), which requires parties to meet and confer in a good faith effort to resolve the issues.   M.D. Fla. R. 3.01(g).   In their Response, Defendants highlight that the 3.01(g) certification is "not entirely accurate" because, although counsel for Plaintiff conferred with counsel for Defendants prior to filing a previous motion to compel, counsel for Plaintiff did not do so prior to filing the instant Motion to Compel.   Doc. 56 at 2.

Defendants note that "several months have elapsed" since Plaintiff filed its first motion to compel and that, since then, "Defendants' counsel has learned of more than 3,000 documents that were previously produced to Plaintiff in prior, related litigation between the parties."   *Id.* at 3.   Thus, Defendants contend that counsel for Plaintiff should have conferred again "[p]articularly in light of these circumstances." *Id.*   The Court agrees.   Local Rule 3.01(g) requires counsel to meet in confer in good faith "[b]efore filing any motion in a civil case."   M.D. Fla. R. 3.01(g).   The rule does not except renewed motions.   *See id.*; *see also Communications Center, Inc. v. Komatsu*, No. 6:05-cv-1254-Orl-31GJK, 2008 WL 1777725, at *1 (M.D. Fla. Mar. 9, 2009) (noting previous denial of a renewed motion to compel without prejudice in part for for failure to comply with Local Rule 3.01(g)); *Durden v. Citicorp Trust Bank, FSB*, No. 3:07-cv-974-J-34JRK, 2010 WL 2105924, at *2 (M.D. Fla. Apr. 27, 2010) (requiring parties to meet and confer pursuant to Local Rule 3.01(g) before filing a renewed motion).

Also within Defendants' Response are requests for a protective order or to stay discovery until Plaintiff identifies its alleged trade secrets.   *See id.* at 1, 3.

Defendants also note, however, that "[i]f discovery is not stayed, Defendants withdraw their objections to Requests 1, 2, 3, 5, 6, 8, 24, and 25." *Id.* at 4. Plaintiff then filed the Agreed Motion because,

> although Defendants' Motion to Stay Discovery would appear to require Plaintiff to file a response under Local Rule 3.01(b) for which leave would not be required, in an abundance of caution, Plaintiff seeks leave to file said response because the Motion to Stay is embodied as part of Defendants' Response to Plaintiff's Renewed Motion to Compel.

Doc. 57 at 2.

In light of counsel for Plaintiff's failure to meet and confer with counsel for Defendants as required by Local Rule 3.01(g) prior to filing the Motion to Compel, and because the motions and response suggest that some issues raised in Plaintiff's Motion to Compel may be resolved by a good faith conference, the Court will deny Plaintiff's Motion to Compel without prejudice to refiling after the parties meet and confer in good faith pursuant to the Local Rules. *See Kimbrough v. City of Cocoa*, No. 6:05-CV-471-ORL-31, 2006 WL 1540256, at *2 (M.D. Fla. May 31, 2006) (denying without prejudice motion to compel where it was "difficult to determine from the motion and response thereto what is still in dispute"). The Agreed Motion is therefore moot.

If, after meeting and conferring, the parties are unable to resolve issues in the Motion to Compel or the parties seek to stay discovery, they may file appropriate

motions with the Court.[1]   The Court reminds the parties that any such motion must comply with the Local Rules.

ACCORDINGLY, it is hereby

**ORDERED:**

1.      Plaintiff's Renewed Motion to Compel Responses to Requests for Production and Supporting Memorandum of Law (Doc. 53) is **DENIED WITHOUT PREJUDICE**.

2.      Plaintiff's Agreed Motion for Leave to File Reply and Supporting Memorandum of Law (Doc. 57) is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 19th day of May, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:

Counsel of record

---

[1] The Court cautions the parties, however, that any requests for relief buried in responses to motions or not otherwise properly before the Court will be denied.   *See Estate of Miller ex re. Miller v. Toyota Motor Corp.*, No. 6:07-cv-1358-Orl-19DAB, 2008 WL 899054, at *2 (M.D. Fla. Mar. 31, 2008) (noting plaintiff's request was denied in part because it was buried in a response to a motion).