UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMERICAN REGISTRY, LLC,
a Delaware limited liability company,

*Plaintiff*

v.

YONAH HANAW a/k/a JOHN HANAW,
MICHAEL LEVY, SHOWMARK
HOLDINGS, LLC, a Delaware limited
liability company, and SHOWMARK
MEDIA, LLC, a Delaware limited liability
company,

*Defendants*

Case No. 2:13-cv-00352-JES-CM

**DEFENDANTS YONAH HANAW, MICHAEL LEVY, SHOWMARK HOLDINGS, LLC, AND SHOWMARK MEDIA, LLC'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendants Yonah Hanaw ("Hanaw"), Michael Levy ("Levy") Showmark Holdings, LLC, and Showmark Media, LLC, ("Showmark") hereby file their Answer & Affirmative Defenses and in support state as follows:

**GENERAL ALLEGATIONS**

1. Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 1.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

1

6. Denied.

7. Admitted in that Michael Levy participated in the formation and organization of Showmark Media originally in Florida and that Showmark Media conducts business within the judicial district. Denied in all other respects.

8. Denied.

9. Admitted.

10. Admitted.

11. Admitted.

12. Paragraph 12 states a legal conclusion for which no response is required.

13. Paragraph 13 states a legal conclusion for which no response is required.

14. Admitted.

15. Admitted

16. Paragraph 16 states a legal conclusion for which no response is required.

17. Paragraph 17 states a legal conclusion for which no response is required.

18. Admitted that this purports to be an action for injunctive relief and damages in excess of $75,000 but denied that Plaintiff has suffered any legally cognizable damages.

19. Paragraph 19 states a legal conclusion for which no response is required.

20. Paragraph 20 states a legal conclusion for which no response is required.

21. Admitted.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Admitted.

27. Admitted.

28. Admitted.

29. Denied.

30. Admitted that Hanaw signed an agreement with those terms, but denied that the information at issue was confidential or constituted a trade secret.

31. Denied.

32. Admitted.

33. Admitted.

34. Denied.

35. Admitted that the agreement contained such terms but denied that the information at issue was confidential or constituted a trade secret.

36. Admitted.

37. Admitted.

38. Defendants are without sufficient knowledge to admit or deny the allegation in paragraph 38.

39. Admitted.

40. Admitted.

41. Admitted.

42. Admitted.

43. Admitted that Hanaw owns 75% of Showmark Media. Denied that Levy owns 25% of Showmark Media. Admitted that Hanaw holds his 75% interest in Showmark Media by and through Showmark Holdings, an entity which is 100% controlled by Hanaw.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 51.

52. Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 52.

## **COUNT I**

53. Paragraphs 1 through 52 are incorporated herein by reference as if fully set forth herein.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

## **COUNT II**

59. Paragraphs 1 through 52 are incorporated herein by reference as if fully set forth herein.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Paragraph 73 states a legal conclusion for which no response is required.

## COUNT III

74. Paragraphs 1 through 52 are incorporated by reference as if fully set forth herein.

75. Denied.

76. Denied.

77. Denied

78. Denied.

79. Paragraph 79 states a legal conclusion for which no response is required.

## COUNT IV

80. Paragraphs 1 through 52 are incorporated by reference as if fully set forth herein.

81. Denied.

82. Admitted.

83. Admitted that Hanaw executed such an agreement but denied that Hanaw actually acquired knowledge of confidential information or trade secrets during his tenure at American Registry.

84. Admitted that the agreement contained such terms but denied that Hanaw actually acquired knowledge of confidential information or trade secrets during his tenure at American Registry.

85. Admitted that the agreement contained such terms.

86. Denied.

87. Denied.

88. Denied.

## COUNT V

89. Paragraphs 1 through 52 are incorporated by reference as if fully set forth herein.

90. Admitted that Hanaw had a contractual relationship with American Registry. The remainder of paragraph 90 states a legal conclusion for which no response is required.

91. Admitted that Levy and Showmark had knowledge that Hanaw previously worked for American Registry, denied in all other respects.

92. Denied.

93. Denied.

## AFFIRMATIVE DEFENSES

Defendants, by and through their undersigned counsel, hereby submit the following affirmative defenses:

# FIRST AFFIRMATIVE DEFENSE
## (Statute of Limitations)

Plaintiff's claims are barred, in whole or in part, by the statute of limitations. Hanaw allegedly misappropriated Plaintiff's trade secrets "prior to having his sales agency relationship terminated." (D.E. 36 at ¶ 48). Hanaw's sales agency relationship was terminated "[o]n or about March 26, 2010." (D.E. 36 at ¶ 37). Plaintiff filed its original Complaint in this action on May 7, 2013. At the time Plaintiff filed its original action, at least 3 years and 41 days had elapsed since the alleged misappropriation, all of which allegedly occurred prior to Hanaw's departure from American Registry. Plaintiff filed its Amended Complaint in this action on May 17, 2013, at least 3 years and 51 days after the alleged misappropriation. Plaintiff's filed its Second Amended Complaint on May 22, 2013, at least 3 years and 56 days after the alleged misappropriation. Plaintiff filed its Third Amended Complaint, the operative complaint for statute of limitations purposes, on December 19, 2013, at least 3 years and 265 days after the alleged misappropriation. As a result, when the original Complaint was filed in this action, the trade secret claim was already time-barred. The Third Amended Complaint – filed some 3 years and 265 days after the alleged misappropriation – clearly outside of the statute of limitations.

# SECOND AFFIRMATIVE DEFENSE
## (Collateral Estoppel)

Plaintiff's claims are barred, in whole or in part, by collateral estoppel. On March 5, 2012, American Registry sued Showmark in a one-count complaint for allegedly infringing American Registry's patent. After substantial discovery and motion practice, American Registry and Showmark agreed to a stipulated dismissal with prejudice. *American Registry, LLC v. Showmark Media, LLC*, Case No. 1: 12-cv-00262-SLR (D. Del.) [Docket No. 37]. The parties

did so because the parties executed a settlement agreement. The settlement agreement provided, in relevant part, that it was intended to resolve all claims and controversies raised or that potentially could have been raised in the Delaware action. Claims against Showmark based upon American Registry's allegedly "confidential information" and "unfair methods of competition" were claims that could have been brought in the prior Delaware action, and claims that were resolved via the settlement agreement's terms. As a result, American Registry is collaterally estopped from pursuing the claims at issue in this case.

### THIRD AFFIRMATIVE DEFENSE
**(Equitable Estoppel)**

Plaintiff's claims are barred, in whole or in part, by equitable estoppel. The parties entered a settlement agreement to resolve the Delaware litigation. Defendant Showmark Media relied on the representations contained in the settlement agreement stating that the agreement was intended to resolve all claims between the parties including claims that could have been brought as part of that litigation. In reliance on these representations, Showmark entered the settlement agreement and the Delaware litigation was dismissed with prejudice. Plaintiff has now changed its position and initiated new litigation in Florida. Defendant Showmark Media, based upon its reasonable reliance on the settlement agreement, has been placed in a materially worse position than had it insisted upon litigating the Delaware case to its conclusion.

### FOUTH AFFIRMATIVE DEFENSE
**(Waiver)**

Plaintiff's claims are barred, in whole or in part, by waiver. By executing the settlement agreement to resolve the Delaware litigation, Plaintiff waived its right to pursue the claims at issue in this lawsuit.

## JURY TRIAL DEMAND

Defendants demand a jury trial on all issues so triable.

Dated: July 30, 2014

Respectfully submitted,

By: s/ *Jonathan Pollard*

Jonathan E. Pollard
Florida Bar No. 83613
Jonathan Pollard, LLC
401 E. Las Olas Blvd #1400
Fort Lauderdale, FL 33301
Telephone: (954) 332-2380
Facsimile: (866) 594-5731
jpollard@pollardllc.com

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing to be electronically filed on July 30, 2014. All registered counsel are to receive notice of the filing via the Court's electronic case filing system

By: s/ *Jonathan Pollard*