UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMERICAN REGISTRY, LLC, a Delaware limited liability company,

    Plaintiff,

v.                                    Case No: 2:13-cv-352-FtM-29CM

YONAH HANAW, MICHAEL LEVY, SHOWMARK HOLDINGS, LLC, a Delaware limited liability company, and SHOWMARK MEDIA, LLC, a Delaware limited liability company,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on defendants' Motion for Attorneys' Fees (Doc. #74) filed on January 12, 2015. Plaintiff filed a Response (Doc. #75), and defendants filed a Reply (Doc. #78) with leave of Court.

### I. *Procedural History*

On May 7, 2013, plaintiff American Registry, LLC filed a Complaint against Yonah Hanaw, Michael Levy, Showmark Holdings, LLC, and Showmark Media, LLC. The Complaint and a subsequent Amended Complaint were dismissed *sua sponte* without prejudice based on deficiencies in pleading subject-matter jurisdiction. (Docs. #3, #6.) Upon motion by defendants, the Second Amended Complaint was dismissed as to defendant Levy for lack of personal

jurisdiction, and as to the remaining defendants for failure to state a claim. (Doc. #35.) On December 19, 2013, plaintiff filed a Third Amended Complaint (Doc. #36), and defendants once again filed motions to dismiss. On July 16, 2014, the Court issued an Opinion and Order (Doc. #61) granting the motions in part and dismissing Counts III (FDUTPA), IV (tortious interference with business relationships), and V (tortious interference with business relationships) of the Third Amended Complaint without prejudice, and otherwise denying defendants' motions to dismiss. Defendants filed their Answer and Affirmative Defenses (Doc. #62) on July 30, 2014, to the remaining counts.

As summarized in the Court's Opinion and Order (Doc. #61), a factual overview of the case was as follows:

> Plaintiff sells customized achievement recognition items, such as plaques, marquees, crystals, counter displays, and banners, throughout the United States. In connection with its business operations, plaintiff has developed and acquired an extensive list of trade secrets necessary to conduct its business operations, including, but not limited to, its business plan; customer lists; system architecture; financial data; profits and profit margins; statistical history with its customers and vendors; computer programs and software concerning its entire business operations; research and development information related to its customers and products offered for sale; information about its strategic partners and relationships with them; and data and information on its employees, independent contractors, and third party vendors (collectively, "Proprietary Information"). By utilizing this

information, plaintiff is able to maintain a competitive advantage in the personal achievement recognition market.

Defendant Yonah Hanaw, a citizen and resident of Israel, worked as a sales agent and independent contractor for plaintiff from November 2003 until his termination on March 26, 2010.  As a sales agent, Hanaw was required to sign a Sales Agent Program Agreement on November 1, 2009.  The Sales Agent Program Agreement provides, in relevant part, that the sales agent agrees to treat all confidential business information and trade secrets as confidential and proprietary to plaintiff and is prohibited from using such information for his own benefit or for the benefit of another.  Upon separation from the company, the sales agent shall deliver all records, data, information, and other documents produced or acquired and all copies thereof to plaintiff.  (Doc. #36-2.)

After his termination, Hanaw met with Michael Levy, also a citizen and resident of Israel, to discuss the formation and organization of a company that would sell customized achievement recognition items through an e-commerce website.  On May 12, 2010, Hanaw and Levy formed Showmark Media, LLC, a Florida limited liability company, but dissolved it on July 19, 2010.  After the dissolution of the Florida limited liability company, Hanaw and Levy formed Showmark Media, LLC, a Delaware limited liability company.

While working as an independent contractor for plaintiff, Hanaw became intimately familiar with, had access to, and acquired extensive knowledge of plaintiff's Proprietary Information, and was privy to plaintiff's business and marketing strategies and plans, costs, pricing, customer and supplier relationships, and financial strategies. Prior to his termination, Hanaw "physically thieved, copied, reproduced, replicated, converted, and misappropriated" as much of plaintiff's confidential and Proprietary

> Information as possible. (Doc. #36, ¶ 46.) Hanaw has utilized and disclosed plaintiff's Proprietary Information in the operation of Showmark Media. Specifically, Hanaw has used the Proprietary Information to emulate plaintiff's business model and to directly target plaintiff's customers.

(Doc. #61, pp. 2-4.)

On October 23, 2014, plaintiff filed a Verified Motion for Voluntary Dismissal With Prejudice (Doc. #66) seeking a dismissal with prejudice but without conditioning the dismissal on the payment of costs or attorney's fees. On October 29, 2014, plaintiff filed a Notice of Service of Proposal for Settlement (Doc. #67). Defendants filed a Response in Opposition (Doc. #68) seeking to have the case decided on the merits, or for the payment of fees and costs incurred. Upon review, the Court took the matter under advisement and directed plaintiff to file a reply. (Doc. #69.) On December 5, 2014, the Court issued an Opinion and Order (Doc. #72) finding that a dismissal with prejudice would place defendants in no worse a position than if they were to prevail on summary judgment or at trial. The Court was unwilling to condition the dismissal upon attorney's fees and costs, and the Court declined to pre-determine entitlement to any said fees and costs, but did not preclude such a claim. Judgment (Doc. #73) was entered on December 8, 2014.

## II. *Attorney's Fees*

Defendants seek attorneys' fees in the amount of $46,799.94 for successfully defending claims under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), "and all other claims arising from a common core set of facts as the FDUTPA claim." (Doc. #74, p. 1.) Defendants state that this amount excludes fees for the period following dismissal of the FDUTPA claim on the July 16, 2014.

Absent statutory authority or an enforceable contract, recovery of attorney fees by even a "prevailing party" is ordinarily not permitted under the "American Rule." Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 257 (1975); Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 602 (2001). In this case, defendants assert a statutory basis for fees under FDUPTA, Fla. Stat. § 501.2105(1). Under this statute, a prevailing defendant is permitted to recover attorney fees without a showing of frivolousness, Mandel v. Decorator's Mart, Inc. of Deerfield Beach, 965 So. 2d 311 (Fla. 4th DCA 2007); Humane Soc'y of Broward County, Inc. v. Fla. Humane Soc'y, 951 So. 2d 966, 971-972 (Fla. 4th DCA 2007). See also Horowitch v. Diamond Aircraft Indus., Inc., 645 F.3d 1254, 1259 (11th Cir. 2011) (discussing fee-shifting provision of FDUTPA). Even if defendants are prevailing parties, the Court maintains

discretion to award fees.  GMAC v. Laesser, 791 So. 2d 517, 520 (Fla. 4th DCA 2001).

   *A. Timeliness*

A preliminary issue raised by plaintiff is timeliness because the motion was not filed within 14 days of the judgment.  Defendant responds that FDUTPA requires that the motion for attorney fees be filed after the time to appeal has run, and that plaintiff could have attacked the motion as premature if filed before the appeal time limitation had expired.

Under Federal Rule of Civil Procedure 54, *unless otherwise provided by statute or order*, a motion for attorney's fees must be filed "no later than 14 days after the entry of judgment."  Fed. R. Civ. P. 54(d)(2)(B)(i)(emphasis added).  The same 14 days is memorialized in the Middle District of Florida Local Rules, which further state that the pendency of an appeal will not postpone the deadline.  See M.D. Fla. R. 4.18(a).  Such a Local Rule is an "order of the court" that trumps Rule 54(d)(2)'s requirements to the extent they conflict.  Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc., 253 F.3d 1332, 1335 (11th Cir. 2001).

In this case, Judgment was entered on December 8, 2014, making any motion for fees due on or by December 22, 2014.  Defendants filed their Motion seeking fees and costs on January 12, 2015, and therefore the motion was clearly untimely under both Rule 54(d)(2) and the Local Rules of the Middle District of Florida.  See, e.g.,

Grayden v. City of Orlando, 171 F. App'x 284, 286 (11th Cir. 2006) (per curiam) (affirming enforcement of Rule 4.18, M.D. Fla., and the district court's denial of fees as untimely). Unless FDUTPA "otherwise provides", and trumps the Local Rule, the motion is untimely.

Under FDUTPA, a "prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party." Fla. Stat. § 501.2105(1). "Unlike most statutory provisions for attorney's fees, section 501.2105 clearly contemplates a two-step procedure under which *judgment* is first entered on *liability,* and then, after any appeals, attorney's fees are awarded." Nolan v. Altman, 449 So. 2d 898, 900 (Fla. 1st DCA 1984) (emphasis in original) (citations omitted). The statute does not literally address when an attorney fees motion is to be *filed*, but only when fees may be "receive[d]". The statute does seem to contemplate that the motion be filed after the expiration of the appeal period, since it also provides that the attorney seeking attorney fees file an affidavit as to time incurred "for all the motions, hearings, and appeals." Fla. Stat. § 501.2105(2). The Florida Supreme Court has stated: "In accordance with the plain language of this provision, to recover attorney's fees in a FDUTPA action, a party must prevail in the litigation; meaning that the party must receive a favorable

judgment from a trial court with regard to the legal action, including the exhaustion of all appeals." Diamond Aircraft Indus., Inc. v. Horowitch, 107 So. 3d 362, 368 (Fla. 2013). At least one judge in this District has concluded the filing such a motion is not proper until the conclusion of the appeal period. Citibank (S. Dakota) N.A. v. Nat'l Arbitration Council, Inc., No. 3:04-CV-1076-J-32MCR, 2006 WL 2691528, at *7 (M.D. Fla. Sept. 19, 2006) (denying motion without prejudice to filing after the expiration of the time to appeal or the conclusion of an appeal). A local rule must be consistent with federal statutes. Fed. R. Civ. P. 83(a)(1). The Court concludes that under the FDUTPA, defendant had fourteen days from the expiration of the time to appeal in which to file a motion for attorney fees. If this is inconsistent with Local Rule 4.18(a), it is a suspension of the rules with respect to this case. M.D. Fla. R. 1.01(c).

The deadline to appeal the Judgment to the Eleventh Circuit expired on Thursday, January 8, 2015, Fed. R. App. P. 4(a)(1)(A), and no Notice of Appeal was filed by that date. Therefore, the deadline to file a motion for attorney's fees was January 23, 2015. The motion was filed before this date, and the Court finds that the motion was therefore timely filed.

   *B. Prevailing Party*

A party is considered a "prevailing party" if "they succeed on any significant issue in litigation which achieves some of the

benefit the parties sought in bringing suit." Farrar v. Hobby, 506 U.S. 103, 109 (1992) (citations omitted). There must be some change in the legal relationship and some relief on the merits of the claim achieved, with a resulting enforceable judgment. Id. at 111. A voluntary dismissal with prejudice will render a defendant a prevailing party, Mathews v. Crosby, 480 F.3d 1265, 1276 (11th Cir. 2007), however there must be some "judicial *imprimatur*" that prompts the corresponding change in the legal relationship of the parties, Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res., 532 U.S. 598, 605 (2001).

In this case, a voluntary dismissal was sought by plaintiff but was opposed by defendants who had answered. The dismissal was with prejudice, a term and condition applied by the Court, and judgment was entered dismissing the case against defendants with prejudice. Additionally, all parties agreed that the dismissal would serve as an adjudication on the merits. (Doc. #72, p. 2.) Therefore, defendants were prevailing parties. The Court further finds that the dismissal of the FDUTPA claim on the basis of preemption did not negate defendants' status as prevailing for purposes of attorney's fees. Diamond Aircraft Indus., Inc. v. Horowitch, 107 So. 3d 362, 369 (Fla. 2013) (finding invocation of FDUTPA sufficient to trigger benefits and consequences).

***C. Discretion and Reasonable Fees***

Having determined that defendants are entitled to attorney's fees, the Court must still determine whether to award fees. The decision to award fees is within the Court's discretion, and factors to consider include, but are not limited to:

> (1) the scope and history of the litigation;
>
> (2) the ability of the opposing party to satisfy an award of fees;
>
> (3) whether an award of fees against the opposing party would deter others from acting in similar circumstances;
>
> (4) the merits of the respective positions- including the degree of the opposing party's culpability or bad faith;
>
> (5) whether the claim brought was not in subjective bad faith but frivolous, unreasonable, groundless;
>
> (6) whether the defense raised a defense mainly to frustrate or stall;
>
> (7) whether the claim brought was to resolve a significant legal question under FDUTPA law.

<u>Humane Soc'y of Broward County</u>, 951 So. 2d at 971-972. Defendants address these factors only generally in the motion, but in their reply, defendants took the opportunity to identify how each argument in the motion corresponded with a <u>Humane Soc'y</u> factor. The Court finds that the factors are sufficiently addressed, and therefore plaintiff's objection on this basis is rejected.

1. *Scope and History*

The case was originally filed in May 2013, and defendants filed two rounds of motions to dismiss before the Court issued judgment in defendants' favor in December 2014, upon plaintiff's motion.  Significant time was expended getting to a viable Third Amended Complaint, and defendants' October 7, 2014 Motion to Compel Better Discovery Responses and Imposition of Sanctions (Doc. #65) was pending when plaintiffs filed a Verified Motion for Voluntary Dismissal With Prejudice (Doc. #66) indicating that discovery received on September 10, 2014, made proceeding difficult for ethical reasons.  If not for plaintiff's request for dismissal, litigation would likely have been protracted.  This factor is somewhat influenced by the issue of a tainted material witness, as discussed below.

2. *Ability to Pay and Significant Legal Question*

Neither party has presented any evidence of an inability or ability to pay an award of attorney's fees.  Therefore, ability to pay is not a significant factor warranting further discussion.  Additionally, the Court did not resolve any significant legal questions related to FDUTPA, which was found to be preempted, and therefore this factor weighs against an award.

3. *Deterrence, Merits, and/or Bad Faith*

Defendants concede that they are likely precluded from moving for fees under the Florida Uniform Trade Secrets Act for

misappropriation because discovery requests were not fulfilled at the time of voluntary dismissal to definitively establish bad faith.  However, in the alternative, defendants argue that plaintiff's actions sufficiently support finding bad faith under the Court's inherent authority.  (Doc. #74, P. 8.)

Plaintiff's Verified Motion for Voluntary Dismissal With Prejudice (Doc. #66) was filed after plaintiff cross-referenced documents produced by defendant with plaintiff's own disclosures regarding plaintiff's witness identified only as PR.  This witness initially established his credibility and reliability to counsel based on detailed information provided by PR regarding defendants' misappropriation of plaintiff's proprietary information.  In preparing for PR's deposition, a demand for compensation was made in exchange for incriminating emails and documents, and it was learned that PR was essentially selling his testimony to the highest bidder.  As a result, plaintiff determined that it could not comfortably and in good faith proceed with evidence elicited from PR.  The President and CEO for plaintiff swore to and affirmed the contents of the motion.  Because plaintiff moved to dismiss its case before any further costs were expended in preparation for summary judgment or trial, the Court does not find bad faith. That being said, plaintiff's claims were dependent on PR and the evidence provided by PR, and plaintiff found a lack of merit in

its own claims. There is no evidence that defendant advanced a known frivolous defense or delayed proceedings.

### *4. Conclusion*

The Court finds that the relative lack of merit of the claims that formed the basis of the FDUTPA claim, coupled with several attempts to state a claim before discovery revealed holes in the theory of the case, support granting attorney's fees. The Court further finds that an award in this case will serve as a deterrent.

The Court notes that an allocation of services to Count III is not require unless the services were wholly unrelated to the FDUTPA claim. Heindel v. Southside Chrysler-Plymouth, Inc., 476 So. 2d 266, 272 (Fla. 1st DCA 1985). In this case, the claim was entirely dependent on the other misappropriation claims, and therefore the Court finds that counsel is not required to limit the fees incurred to the FDUTPA count. The Court does find that defendants may only receive attorney's fees up until FDUTPA was found to be preempted and dismissed by the July 16, 2014 Opinion and Order (Doc. #61). Horowitch, 107 So. 3d at 371.

### *D. Reasonable Fees*

In support of their claim of $46,799.94 in attorneys' fees, and pursuant to Fla. Stat. § 501.2105(2), defendants submit the Declaration of Jonathan Pollard (Doc. #74-1, Exh. A) for time spent on the case from June 24, 2013 through June 25, 2014 only, and no costs are included in the demand. Also provided is the Client

Activity Report (Doc. #74-2, Exh. B) detailing the billed hours. Plaintiff presents no argument for or against the reasonableness of the amount requested.

In determining the reasonable amount of hours, the Court may conduct an hour-by-hour analysis or it may reduce the requested hours across the board, Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008), and the Court must eliminate excessive, unnecessary, and redundant hours, Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1301-02 (11th Cir. 1988). "Generalized statements that the time spent was reasonable or unreasonable of course are not particularly helpful and not entitled to much weight." Norman, at 1301 (citing Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). When multiple attorneys are involved, the Court must consider whether they are being compensated for their distinct contributions or whether there is duplication. Johnson v. University Coll. of Univ. of Ala., 706 F.2d 1205, 1208 (11th Cir. 1983).

The Court finds that the individual hourly rates[1] for each attorney and the law student who acted as a paralegal are

---

[1] Jonathan Pollard has been practicing law since 2009, and started his own practice in 2012. Mr. Pollard bills at a rate of $300 an hour. Michael Beltran has been practicing for approximately the same length of time and also has his own law practice. Mr. Beltran billed at a rate of $250.00. Scott Adkins has been practicing since 1998 and Sarah Rispin has been practicing for an unspecified length of time but was admitted to the D.C. Bar in 2007, and both billed at a rate $200 an hour. Lastly, Evan

reasonable. The Court has also reviewed the billing records, and finds that the entries are properly billable, not duplicative, and reasonable. Attorney's fees will be granted for the requested amount.

Accordingly, it is hereby

**ORDERED:**

Defendants' Motion for Attorneys' Fees (Doc. #74) is **GRANTED.** The Clerk shall enter an amended judgment adding attorney's fees in favor of defendants in the amount of $46,799.94.

**DONE and ORDERED** at Fort Myers, Florida, this __25th__ day of September, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

---

Goldberg was a law student during the pendency of this case and billed at a rate of $125.00 an hour, approximately that of a paralegal.